United States Court of Appeals,

Eleventh Circuit.

No. 94-7019.

Gary MASON, Plaintiff-Appellee,

v.

Ricky STALLINGS, C.L. St. Clair, Jr., Charles Burkhalter, Harold Woodall, Phillip Jordan, all individually, Defendants-Appellants.

May 9, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 93-AR-1725-M), William M. Acker, Jr., Judge.

Before ANDERSON and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

The sole issue on this appeal is qualified immunity. Although all defendants appealed an order denying summary judgment, this Court dismissed the appeal except the denial of qualified immunity to those defendants sued for personal liability as individuals. *Mason v. Cherokee County, Alabama,* No. 94-7019, (N.D.Ala. Filed July 21, 1995). We are in accord with the decision of that panel that the issue of qualified immunity was sufficiently raised in motion, pleading, and memorandum before the trial court, even though not specifically referenced in the motion for summary judgment itself.

Plaintiff Mason Stallings alleges a cause of action under the Americans with Disabilities Act. 42 U.S.C. §§ 12111, *et seq.* (Supp. IV 1992). Mason, a laborer with the Cherokee County Road Department, alleged that he was not properly accommodated under the Disabilities Act after two injuries on the job which resulted in

permanent injury and disability.

Mason sued Cherokee County, Alabama, the Cherokee County Commission, and the County Commissioners in both their official and their individual capacities. The district court denied without opinion the County Commissioners' motion for summary judgment on the claim against them individually, which was argued to include a ground of qualified immunity from suit. Only the qualified immunity issue is before us.

We hold that the Disabilities Act does not provide for individual liability, only for employer liability. The Seventh Circuit appears to be the only Circuit thus far to rule directly that only the employer, not individual employees, can be liable under the Americans with Disabilities Act. *EEOC v. AIC Sec. Inv.,* 55 F.3d 1276, 1279-82 (7th Cir.1995). We follow that holding and the reasoning of Judge Michael S. Kanne's thorough opinion for that court.

The definition of "employer" in the Disabilities Act is like the definitions in Title VII of the 1994 Civil Rights Act, 42 U.S.C. § 2000e(b), and in the Age Discrimination in Employment Act, 29 U.S.C. § 630(b). This Circuit has previously held that there is no individual responsibility under either of those Acts. *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) ("The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act."). *Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir.1995) (Individuals "cannot be held liable under the ADEA or Title VII."). The *Smith* Court relied on *Busby* for Title VII, and Fourth and Ninth Circuit

decisions for ADEA. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir.) ("[T]he ADEA limits civil liability to the employer...."), *cert. denied,* --- U.S. ----, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583 (9th Cir.1993) (Title VII and ADEA), *cert. denied,* --- U.S. ----, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994).

The plaintiff argues for individual liability because the definition of employer includes "any agent of such person." We agree with the Seventh Circuit that the "agent" language was included to ensure *respondeat superior* liability of the employer for the acts of its agents, a theory of liability not available for 42 U.S.C. § 1983 claims. *See also Thompson v. City of Arlington, Tex.*, 838 F.Supp. 1137, 1151 (N.D.Tex.1993) ("Only when a public official is working in his official capacity can the official be an agent of the government.").

As to individual liability, there is no sound reason to read the Disabilities Act any differently from this Court's reading of Title VII and the Age Discrimination Act. The County Commissioners could not be held liable in their individual capacities for any violation of the Disabilities Act.

This creates a problem as to the appropriate disposition of this appeal. The lack of any law upon which to base a claim against a defendant calls for dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or for summary judgment for defendant on that ground. Although denial of qualified immunity on summary judgment is immediately appealable, a denial of relief for failure to state a claim is not immediately appealable, whether in

the form of a denial of summary judgment or a motion to dismiss, absent certification by the trial court under 28 U.S.C. § 1292(b). The district court in this case denied a § 1292(b) certification. Therefore, it is not open to us to reverse the denial of summary judgment on a "failure to state a claim ground."

Judicially created qualified immunity enables a public official to avoid suit on an alleged constitutional or federal law violation where the law governing the claimed right was not clearly established at the time of the official's conduct. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

> The relevant question on a motion for summary judgment based on a defense of qualified immunity is whether a reasonable official could have believed his or her actions were lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred.

*Stewart v. Baldwin County Bd. of Educ.,* 908 F.2d 1499, 1503 (11th Cir.1990). In such cases, if the law was clear, there would be no "qualified" immunity and the individual liability claim could proceed on whatever other defenses the defendant might have. Even if the law was clearly established as to what defendants should have done in their official capacities in this case, however, there could not be any claim against them individually. This, then is not the kind of case for which "qualified" immunity from suit was designed.

Thus, it appears that the denial of qualified immunity is correct. The decision we make here in considering the doctrine of qualified immunity, however, becomes the law of this case. Having decided the individual liability issue, it is only fair for the parties and the district court to understand that the issue has

been resolved in this case, so that no further time need be expended litigating the point in the district court.

Therefore, we affirm the denial of summary judgment based on qualified immunity, and remand to the district court for further proceedings in view of the plaintiff's failure to state a cause of action against County Commissioners in their individual capacities.

AFFIRMED and REMANDED.