[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14662
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cv-01055-MMH-JRK

SAMUEL A. MAZZOLA,

Plaintiff-Appellant,

versus

DONALD DAVIS,
Warden C.C.I
MICHAEL WILLIS,
Assistant Warden/Programs,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2019)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Samuel A. Mazzola, a Florida prisoner proceeding *pro se*, appeals from the district court's grant of summary judgment to Donald Davis, Warden at the Columbia Correctional Institute ("CCI"), and Michael Willis, Assistant Warden at CCI, on his claims under Title II of the Americans with Disabilities Act.  The district court concluded that Mr. Mazzola could not state an ADA claim against Mr. Davis and Mr. Willis in their individual capacities, construed Mr. Mazzola's ADA claims as against the defendants in their official capacities, and granted summary judgment to the defendants on Mr. Mazzola's official-capacity claims.  After a careful review of the record and the parties' briefs, we affirm.

## I

Mr. Mazzola is a paraplegic and is confined to a wheelchair while serving his prison sentence at CCI.  On September 29, 2009, Mr. Mazzola submitted an ADA Form DC2-530 notifying the Florida Department of Corrections that CCI did not have a wheelchair-accessible canteen and requested that the FDOC modify CCI's canteen so that wheelchair-bound inmates could work there.  In response to Mr. Mazzola's submission, Mr. Willis interviewed Mr. Mazzola and concluded: "[I]f [an] inmate that is wheelchair bound was selected to work in the canteen, appropriate accommodations would be made as necessary if the physical structure of the building allows."

Mr. Mazzola then filed two informal grievances in October of 2009, reiterating the same complaint and request related to CCI's canteen.  CCI returned both informal grievances, stating that Mr. Willis' previous response addressed the issue.  In response, Mr. Mazzola filed a formal grievance with Mr. Davis, and requested that the FDOC modify a canteen and select him as a canteen operator.  Mr. Davis denied Mr. Mazzola's formal grievance, stating that (1) Mr. Mazzola was not currently a canteen operator; and (2) if a wheelchair-bound inmate was hired in the canteen, the FDOC would make the necessary accommodations.

Mr. Mazzola continued to complain about the prison's canteen from 2010 to 2012.  CCI, through multiple officials, allegedly responded that (1) the Institutional Classification Team decides job assignments and prepares the list of candidates; (2) Mr. Mazzola would never have been approved regardless of his physical abilities; (3) Mr. Mazzola was not qualified for this job assignment; (4) a prisoner is not guaranteed assignment to a particular job even if qualified; and (5) the FDOC has the authority to determine whether to give prisoners certain job assignments.

Mr. Mazzola subsequently filed a *pro se* complaint against six individuals related to operations at CCI, alleging that they intentionally discriminated against him and other wheelchair-bound inmates in violation of the ADA by failing to modify the prison's canteen to accommodate handicapped inmates.  At the district court's order, Mr. Mazzola amended his complaint three times.  The district court

3

dismissed Mr. Mazzola's claims against four of the six defendants, leaving only the ADA claims against Mr. Davis and Mr. Willis. Mr. Mazzola has not appealed the district court's dismissal of these defendants, and he later filed a notice of more definite statement, asserting that he was suing Mr. Davis and Mr. Willis—the remaining defendants—in their individual capacities.

Mr. Davis and Mr. Willis moved for summary judgment, arguing that (1) Title II of the ADA provides for suits against public entities and not individuals; (2) Mr. Mazzola was not discriminated because of his disability; (3) Mr. Mazzola was not qualified to work at the canteen; (4) Mr. Mazzola's claims were barred by sovereign immunity; and (5) Mr. Mazzola lacked standing for injunctive relief. In response, Mr. Mazzola reaffirmed that he was suing Mr. Davis and Mr. Willis in their individual capacities, and he asserted that they violated his equal protection rights under the Fourteenth Amendment.

The district court first concluded that, under the ADA, Mr. Mazzola could not sue Mr. Davis and Mr. Willis in their individual capacities, but it liberally construed Mr. Mazzola's ADA claims as against the FDOC by suing Mr. Davis and Mr. Willis in their official capacities. The district court then granted summary judgment on the official-capacity claims, reasoning that Mr. Mazzola failed to produce evidence that the defendants intentionally discriminated against him. Mr. Mazzola now appeals.

**II**

4

We review a district court's grant of summary judgment de novo. *See Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). Summary judgment is only appropriate when no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. *See id.* We consider the evidence and construe all factual inferences in the light most favorable to the nonmoving party, and there is no genuine issue of material fact to preclude summary judgment when the evidence in the record is insufficient for a rational trier of fact to find for the non-moving party. *See id.*; *Matsushita Elec. Inds. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A mere "scintilla" of evidence in favor of the non-moving party is not enough to defeat a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).[1]

## III

Under Title II of the ADA, public entities are prohibited from discriminating against individuals with disabilities or denying them services because of their disabilities. *See* 42 U.S.C. § 12132. It is well established in this circuit that "[o]nly public entities are liable for violations of Title II of the ADA." *Edison v. Douberly*,

---

[1] On appeal, the defendants do not argue that Mr. Mazzola's claims are barred by sovereign immunity. *See Black v. Wigington*, 811 F.3d 1259, 1269–70 (11th Cir. 2016). Nor do they argue that Title II of the ADA does not create a right of action for a prisoner to sue for workplace discrimination. *Cf. Neisler v. Tuckwell*, 807 F.3d 225, 227 (7th Cir. 2015) ("Title II of the ADA does not cover a prisoner's claim that he suffered workplace discrimination on the basis of a disability."). Those arguments are therefore abandoned. *See United States v. Willis*, 649 F.3d 1248, 1254 (11th Cir. 2011). We assume for our analysis that Title II encompasses prisoner workplace discrimination claims and that such claims are not barred by sovereign immunity.

5

604 F.3d 1307, 1308 (11th Cir. 2010).  *See also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the [ADA] does not provide for individual liability, only for employer liability").  Other circuits follow the same rule.  *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Alsbrook v. Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc).  State prisons are public entities for purposes of the ADA, and suits against public officials in their official capacities are considered suits against the entity the official represents.  *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Based on these authorities, the district court did not err by dismissing Mr. Mazzola's claims against the defendants in their individual capacities.  *See Edison*, 604 F.3d at 1310.  We now address whether the district court erred in granting summary judgment on Mr. Mazzola's claims against Mr. Davis and Mr. Willis in their official capacities.

To state a claim of discrimination under Title II of the ADA, a claimant must prove:

> (1) that he is a qualified individual with a disability; and (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

6

*Bircoll v. Miami–Dade Cty*., 480 F.3d 1072, 1083 (11th Cir. 2007).

The district court concluded that Mr. Mazzola presented material issues of fact as to whether he is a qualified individual with a disability, but concluded that he failed to show that he was not selected to work in the canteen because he was disabled. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1332, 1334 (11th Cir. 1999) ("The ADA requires that a plaintiff prove by a preponderance of the evidence that she was discriminated against 'because of' [his] disability."). The district court highlighted that Mr. Mazzola presented no evidence that the defendants considered his disability in determining whether he would be assigned to work in the canteen. Mr. Mazzola contends that his name was "on the list" of prisoners to be considered for the position, and from that, he concludes that he was not selected to work in the canteen because of his disability. The district court also noted the defendants asserted that Mr. Mazzola would not have been chosen for the canteen position regardless of his disability, and that Mr. Mazzola failed to show that he had the necessary skills, aptitude, and/or test scores to be selected to work in the canteen.[2]

We agree with the district court's review of the record. On appeal, Mr. Mazzola does not cite any evidence—or point to evidence ignored by the district

---

[2] The defendants argued that Mr. Mazzola cannot establish that he was discriminated against because CCI would have never assigned him to work in the canteen regardless of his physical abilities. The record shows that to be assigned to the canteen, an applicant must have the "appropriate skills and or aptitude to perform the daily duties of a canteen operator," and that assignment is dependent on the prisoner's offense, disciplinary history, basic education test scores, and social security status.

court—to show that the defendants intentionally discriminated against him by not offering him a position working in the canteen. Although we read briefs filed by pro se litigants liberally, "this leniency does not give a court license to serve as de facto counsel for a party." *GJR Investments, Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). We will not scour the record or formulate arguments for a litigant appearing pro se, and all issues that are not briefed are abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). *See also T.P. ex rel. T.P. v. Bryan Cty. Sch. Dist.*, 792 F.3d 1284, 1291 (11th Cir. 2015) ("[A]ppellate courts do not sit as self-directed boards of legal inquiry and research[.]").

Mr. Mazzola asserts that the defendants knew that he applied to be a canteen operator and that they denied him that position because he is disabled. The first assertion has some support in the record, but the second does not, and unsupported "conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005). Mr. Mazzola's conclusory assertion that he had the necessary skills and aptitude to be assigned to the canteen fail for the same reason. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("[U]nsupported speculation does not meet a party's burden of producing some defense to a summary judgment

8

motion.") (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995)) (alteration adopted).

Mr. Mazzola cites *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 558–59 (7th Cir. 1996), an ADA case involving a disabled prisoner's access to services, to argue that his alleged mistreatment was sufficient evidence of intentional discrimination. The Seventh Circuit's opinion in *Love* is not binding on this court, and if it was, Mr. Mazzola would need to distinguish *Neisler*, 807 F.3d at 227—where the Seventh Circuit later held that Title II of the ADA did not encompass workplace discrimination claims by prisoners.

Nevertheless, the Seventh Circuit's analysis of the plaintiff's allegations in *Love* is inapplicable to the facts of this case.  There, a disabled prisoner was confined to the infirmary and was not allowed access to facilities that were open to the general prisoner population—i.e., the prison's recreational facilities, dining hall, visitation facilities, library, and commissary—and the prisoner was unable to participate in several prison programs. *See Love*, 103 F.3d at 558–59.  Based on that set of facts, the district court concluded there was sufficient evidence that the defendant's "decisions about program access . . . were made intentionally, and they were clearly based on Love's physical disability." *Id.* at 561.  The Seventh Circuit agreed, stating that "[t]he record . . . amply supports the trial judge's conclusion . . . that Westville indeed committed 'intentional' discrimination[.]"  *Id.* at 560.  Moreover, the

9

defendant in *Love* offered no other reason to deny the plaintiff access to those facilities and programs. *See id.* at 560, 561 ("Their reason for denying access was based solely on the fact that he was a quadriplegic housed in the infirmary unit.").

By comparison on this record, Mr. Mazzola was not denied access to facilities or programs available to the general prisoner population. He presented no evidence that the defendants intentionally discriminated against him, and the defendants asserted—without any real dispute—that Mr. Mazzola would not have been approved to work in the canteen regardless of his disabilities.

The district court therefore did not err in granting summary judgment on Mr. Mazzola's ADA claims against the defendants in their official capacities. *See Farley*, 197 F.3d at 1334.

## IV

For the foregoing reasons, we affirm the district court's grant of summary judgment on Mr. Mazzola's claims under Title II of the ADA.

**AFFIRMED.**