[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-12855

_____

ATLANTA ROTOMOLDING INC.,

Plaintiff-Counter Defendant-Appellee,

*versus*

CI ROTOMOLDING USA INC.,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00389-TWT

_____

Before WILSON, NEWSOM, and ED CARNES, Circuit Judges.

PER CURIAM:

This case involves a contract dispute between Atlanta Roto-molding, Inc. (ARM) and CI Rotomolding USA, Inc. (CIR). ARM sued CIR for payments that ARM claims were required under the contract. CIR moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that ARM's claims should be dismissed with prejudice for failure to state a claim. The district court denied the motion to dismiss. CIR appealed the order of denial. The issue is whether we have appellate jurisdiction over the district court's order denying CIR's motion to dismiss.

Ordinarily we do not have jurisdiction over orders denying motions to dismiss. *See, e.g.*, *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009); *Mason v. Stallings*, 82 F.3d 1007, 1009–10 (11th Cir. 1996). But there are some exceptions to the general rule, and CIR contends that one of them applies here. It points to the Federal Arbitration Act and what we will call § 16 jurisdiction. *See* 9 U.S.C. § 16. Section 16 gives us jurisdiction over certain district court orders, including an order that denied a request under 9 U.S.C. § 3 to stay litigation pending arbitration or denied a request under 9 U.S.C. § 4 to compel arbitration. *Id.* § 16(a)(1)(A)–(B). Nothing in § 16 purports to give us jurisdiction over an order that denies a motion requesting a dismissal for failure to state a claim under Rule 12(b)(6).

We do not have § 16 jurisdiction because the district court's order did not refuse a request under § 3 to stay litigation pending arbitration, and it did not deny a request under § 4 to compel arbitration. The court never stated that it was denying a stay or refusing to compel arbitration. Courts usually do not deny that which is not requested.

The court's order denying CIR's motion to dismiss under Rule 12(b)(6) for failure to state a claim is dedicated entirely to just that issue: whether ARM's complaint failed to state a claim. The order states that it is considering a motion to dismiss and sets out the legal standard for Rule 12(b)(6), including the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The reason the order gives for denying CIR's motion to dismiss is that "there is a factual dispute" about the meaning of a contract term. The order makes no mention of a stay to permit arbitration or of compelling arbitration. Nor does the order indicate that if CIR had filed a motion requesting relief under §§ 3 or 4 after the court denied the Rule 12(b)(6) motion, the court would have refused to consider that request or would have ruled that those arbitration-related issues had already been resolved.

Even though the district court never even mentioned arbitration, CIR insists that the court must have silently and implicitly denied its request to compel arbitration. The glaring problem with that argument is that CIR never made such a request. Neither CIR's motion to dismiss nor its memorandum in support of that

motion can fairly be construed as requesting a stay of litigation pending arbitration or requesting that the court compel arbitration.

CIR's motion was captioned as only a motion to dismiss — not as alternatively a motion for a stay, or to compel arbitration, or even as a motion to dismiss so that arbitration can proceed. The motion's substance was presented as only a Rule 12(b)(6) motion to dismiss; it cited only Rule 12(b)(6) and not § 3, or § 4, or any other part of the FAA. The only basis put forward for dismissing (with prejudice) ARM's claims was "pursuant to Fed. R. Civ. P. 12(b)(6) because [ARM] fails to state a claim upon which relief can be granted." Instead of asking for the claims to be dismissed without prejudice to permit them to be resolved on the merits in arbitration, the motion asked that they be dismissed with prejudice on the merits for failure to state a claim.

CIR's memorandum did at least mention arbitration, but not sufficiently. The memorandum argued primarily that the contract provision containing the arbitration agreement was *not* applicable at all. In the alternative, it argued that if the court disagreed and deemed the arbitration provision applicable, then that provision was enforceable. But even in that alternative argument, the memorandum did not request the court stay the case to permit arbitration or order the parties to arbitrate the dispute. Instead, it stated that if the court disagreed with CIR and concluded that the arbitration provision was enforceable, the court should "grant CIR's motion and dismiss the entire Complaint because the parties agreed to arbitrate."

The memorandum did not cite §§ 3 or 4, did not mention or request the court stay litigation or compel arbitration, and did not suggest that CIR intended to enforce the arbitration agreement or that it actually would do so after dismissal.  The conclusion section of the memorandum makes things plain, stating that the court should grant the motion to dismiss because ARM's complaint "fails to state any claim against CIR upon which relief can be granted." That is not a request for a stay to permit arbitration or for the court to compel arbitration.

That leaves us with this: An order that never mentions arbitration denying a motion that never mentions arbitration and a memorandum in support of that motion that mentions arbitration as merely one of many reasons to dismiss (but not as a reason to stay litigation or compel arbitration).  Nothing suggests that the court's order denying CIR's motion to dismiss was an order refusing a stay requested under § 3 or an order refusing to compel arbitration under § 4.  *See* 9 U.S.C. § 16.  There was no such denial, implied or otherwise, and there was no such request, implied or otherwise.  The district court's order denied a motion to dismiss and only a motion to dismiss.  And Congress has not given us § 16 jurisdiction over orders denying a request only to dismiss the case.

For those reasons, we DISMISS the appeal for lack of jurisdiction.[1]

---

[1] ARM has also moved for sanctions against CIR under Federal Rule of Appellate Procedure 38.  That motion is DENIED.