**Debbie D. MOORE, Plaintiff,**

v.

**ALABAMA STATE UNIVERSITY, et al., Defendants.**

**Civil Action No. 96–A–792–N.**

United States District Court, M.D. Alabama, Northern Division.

Nov. 14, 1996.

University ("ASU") and Dr. Roosevelt Steptoe ("Dr. Steptoe") (collectively referred to as "the Defendants") on May 30, 1996.

On May 10, 1996, Debbie D. Moore ("the Plaintiff") filed this action in this court. In her Complaint and amendment thereof, the Plaintiff alleges that the Defendants unlawfully discriminated against her on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Named as defendants were ASU and Dr. Steptoe.

On May 30, 1996, the Defendants filed a Motion to Dismiss, contending that the Plaintiff's Charge was not timely filed with the Equal Employment Opportunity Commission ("EEOC") and her Complaint was not timely filed in federal court. Moreover, Dr. Steptoe contends that he should be dismissed as a defendant because he was not named in the Plaintiff's EEOC Charge. The Defendants also assert various other reasons why their Motion should be granted, in whole or in part.

Jurisdiction is based on a federal question pursuant to 28 U.S.C. § 1331.

For the reasons stated below, this court finds that the Motion to Dismiss is due to be DENIED.

## II. *FACTS*

The Complaint and amendment thereof allege the following facts:

ASU is a four-year state university in Montgomery, Alabama, and employs more than 500 employees. Dr. Steptoe is employed by ASU as Vice President for Academic Affairs and held this position at all times relevant to this action.

ASU hired the Plaintiff in September 1980. Between that date and March 1994, the Plaintiff was employed continuously at ASU in the Admissions Office.[1] Specifically, between September 1980 and Fall 1985, the

Joseph P. Van Heest, Montgomery, AL, for plaintiff.

Terry G. Davis, Solomon S. Seay, Montgomery, AL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

### I. *INTRODUCTION*

ALBRITTON, District Judge.

This cause is before the court on a Motion to Dismiss filed by defendants Alabama State

---

1. ASU had three different names for its admissions office during the Plaintiff's employment there. In Fall 1985, the admissions office's name was changed from the University Admissions Office to the Office of Enrollment Management. In mid-September 1992, the admissions office's name was changed to the Office of Admissions and Recruitment. For simplicity, the court refers to these names collectively as "the Admissions Office."

Plaintiff was employed by ASU as a recruiter. In Fall 1985, the Plaintiff informally served as Assistant Director of the Admissions Office. In 1988, the Plaintiff was promoted to Admissions Staff Assistant and continued to function as Assistant Director.

The position of Admissions Office Director ("Director") became vacant in August 1990. At that time, Dr. Steptoe instructed the Plaintiff to carry out the Director's responsibilities. Although the Plaintiff requested Dr. Steptoe to appoint her as acting or interim Director, he refused that request and refused to compensate her at the Director level while she carried out the Director's responsibilities. ASU held no interviews for the Director position until September 1992 when it required applicants to have a Master's degree. Although, the Plaintiff met the qualifications, applied for and was granted an interview, the Director position remained unfilled. The Plaintiff continued to carry out the Director's responsibilities until October 1992 when Dr. Steptoe allegedly assigned a less qualified male co-worker, Samuel Mitchell, whom the Plaintiff helped hire and train and who had worked as the Plaintiff's subordinate, to assume the Director's responsibilities. At this time, the Plaintiff was given the title of Admissions Assistant and suffered a decrease in job responsibilities.

In or about January 1993, ASU reannounced a vacancy in the Director position. This time, the minimum educational requirement for the position was a Bachelor's rather than a Master's degree. Although the Plaintiff reapplied for the position, she was neither granted an interview nor kept informed about the position's status.

On October 1, 1993, the Director position was filled by Billy R. Brooks ("Brooks"), ASU's former Director of Financial Aid. The Plaintiff claims that Brooks, a male, was less qualified for the position than she, having never previously worked in the Admissions Office. The Plaintiff maintains that she first learned that the position had been filled on October 5, 1993, when Brooks announced his acceptance of the position at an Admissions Office staff meeting. The Plaintiff claims that because of Brooks' appointment as Admissions Office Director, the "[P]laintiff

was placed in a position that was so intolerable that a reasonable person in [the P]laintiff's position would have felt compelled to transfer out of the [Admissions Office]."

The Plaintiff insists that throughout her employment at ASU her performance reviews were excellent. The Plaintiff claims that "[t]hrough the years" Dr. Steptoe commented that because the Plaintiff was female and had a child, she would not be hired as Admissions Office Director. Likewise, the Plaintiff claims that she was not promoted to the Director position and was deprived of certain benefits and privileges, in violation of Title VII, because she was female and had a child, and because she potentially would have more children. As a result, the Plaintiff claims that she suffered irreparable injury and comprehensive damage.

## III. STANDARD

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). In deciding a motion to dismiss, the court must accept as true all well-pleaded factual allegations and must view them in a light most favorable to the nonmovant. *See Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232. Accordingly, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (internal quotation and citation omitted).

## IV. DISCUSSION

### A. *The Plaintiff Timely Filed EEOC Charge*

■ The Defendants contend that the Plaintiff did not timely file a charge of discrimination with the EEOC. Title VII requires an individual to file a charge with the

EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e). This timely-charge requirement "is not a jurisdictional prerequisite to sue in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Sturniolo v. Sheaffer, Eaton, Inc.,* 15 F.3d 1023, 1025 (11th Cir.1994) (internal quotation and citations omitted).

1. *The Limitations Period Commenced on October 5, 1993*

▮▮ The Defendants contend that the limitations period commenced on September 17, 1993, when Brooks was hired as Admissions Office Director. The limitations period begins to run when the complainant knows or reasonably should know of the alleged discriminatory act. *Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 760 (11th Cir.1995); *Yates v. Mobile County Personnel Bd.,* 658 F.2d 298, 299 (5th Cir. Unit B 1981)[2] (per curiam). In her Complaint, the Plaintiff states that she first learned that ASU appointed Brooks as Director on October 5, 1993, when he announced it at a staff meeting. Assessing whether the Plaintiff did, in fact, first learn on October 5, 1993 that the position had been filled and whether the Plaintiff's not learning of this fact until this time was reasonable is premature at this early stage of litigation. Accepting the allegations of the Complaint as true, and giving the Plaintiff the benefit of inferences which might be drawn from the evidence, October 5, 1993 would be the date when the 180–day limit commenced.

2. *The Plaintiff Filed EEOC Charge Before April 3, 1994*

▮▮ One hundred and eighty days after October 5, 1993 was April 3, 1994. The Defendants contend that the Plaintiff first filed a charge of discrimination with the EEOC on May 6, 1994, asserting that the Plaintiff's letter filed with the EEOC on March 29, 1994 is not a proper charge. Generally, a charge should contain the following information:

(1) the full name, address, and telephone number of the person making the charge;

(2) the full name and address of the person against whom the charge is made, if known;

(3) a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices;

(4) if known, the approximate number of employees of the respondent employer . . . .; and

(5) a statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a state of local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. § 1601.12(a). "Notwithstanding [the general rule], a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id.* at § 1601.12(b). Importantly, courts "construe an EEOC charge with the utmost liberality." *See, e.g., Terrell v. United States Pipe & Foundry Co.,* 644 F.2d 1112, 1123 (5th Cir. Unit B 1981) (citations omitted), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982).

▮▮ The Plaintiff asserts that although the EEOC did not receive her verified Charge until May 6, 1994, the letter she filed to the EEOC on March 29, 1994 contains sufficient information to establish a charge of discrimination. The Plaintiff's March 29, 1994 letter states, "I hereby file a complaint against Alabama State University, [address and phone number]. The claim is for sexual discrimination against me . . . ." This letter was sufficient for the EEOC to consider it a proper charge: the EEOC stated in its January 22, 1996 letter to the Plaintiff that she "filed [her] charge on March 29, 1994." Fur-

**2.** In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

thermore, in a similar case, *Mulcahey v. Hydro–Line Mfg. Co.*, 707 F.Supp. 331, 333–34 (N.D.Ill.1988), the court considered a letter to the EEOC to constitute a proper charge where the plaintiff stated in the letter that the letter is a charge against the defendant. Therefore, the letter filed with the EEOC on March 29, 1994 constitutes a charge of discrimination which was timely filed. Accordingly, the Plaintiff's verified Charge received by the EEOC on May 6, 1994 relates back to the date of the original Charge. *See* 29 C.F.R. § 1601.12(b).

### B. *The Plaintiff Timely Filed Complaint*

The Defendants contend that the Plaintiff did not timely file her Complaint in federal court. Title VII requires that a plaintiff sue within ninety days after receipt of a Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e–5(f)(1); 29 C.F.R. § 1601.28(e). In this case, the Notice of Right to Sue was signed and dated by the EEOC District Director on January 22, 1996. In her Complaint, the Plaintiff claims that she did not receive the Notice of Right to Sue until February 10, 1996. This allegation must be accepted as true for the purpose of deciding the Motion to Dismiss, and, as such, the Plaintiff had until May 10, 1996 to file her Complaint. Because the Plaintiff filed her Complaint in this court on May 10, 1996, her suit is not time barred based on the allegations of the Complaint.

### C. *Dr. Steptoe is a Proper Defendant*

██ Dr. Steptoe contends that he must be dismissed as a defendant in this action because he was not named in the Plaintiff's EEOC Charge. Generally, "a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir.1994). *Also see* 29 C.F.R. § 1601.12(a)(2) (a complainant is required to identify the name of the person in his or her charge against whom the charge is made). However, the Eleventh Circuit liberally construes this naming requirement. *See, e.g., Virgo*, 30 F.3d at 1358. A party unnamed in the EEOC charge may be subjected to a

federal court's jurisdiction where the purposes of Title VII are fulfilled. *Id.* at 1358–59. To determine whether Title VII's purposes are satisfied, courts look to several factors including:

(1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

*Id.* at 1359.

Although the Plaintiff could have named Dr. Steptoe as a defendant in her EEOC Charge, Dr. Steptoe was reasonably within the scope of the EEOC investigation and there is sufficient identity of interest between Dr. Steptoe and ASU to indicate that Dr. Steptoe had notice of the Plaintiff's Charge. Specifically, Dr. Steptoe was an employee of ASU, the named defendant. Attached to the Plaintiff's letter filed with the EEOC on March 29, 1994 is a summary of her claim of discrimination which identifies Dr. Steptoe as taking certain actions consistent with her claim. In addition, the Plaintiff may be able to prove that Dr. Steptoe had an adequate opportunity to participate in the reconciliation process and that he was not prejudiced by not being named in the Charge. It should be noted that Dr. Steptoe is named as a defendant only in his official capacity as Vice President for Academic Affairs.

### D. *Other Unmeritorious Contentions*

██ The Defendants raise various other contentions in their Motion to Dismiss. First, the Defendants contend that the court lacks jurisdiction because the EEOC found that the Plaintiff's claim was untimely. However, as stated, the requirement that a claimant timely file an EEOC charge "is not a jurisdictional prerequisite to sue in federal court...." *Sturniolo*, 15 F.3d at 1025. This is a matter to be raised as an affirmative

defense. Second, the Defendants contend that the Eleventh Amendment bars this action. This contention, however, is without merit because the Eleventh Amendment does not bar suits brought under Title VII. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Relatedly, the Defendants contend that § 14 of the Alabama Constitution of 1901, providing for sovereign immunity, bars this action. However, this contention is also without merit because the supremacy clause of the United States Constitution mandates that state concepts of sovereign immunity cannot protect defendants in a cause of action based on a federal statute. *Howlett v. Rose,* 496 U.S. 356, 376–77, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332 (1990) (citations omitted). In addition, although the Defendants contend that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, this court, after reviewing the Complaint, disagrees. The Plaintiff has alleged facts to state a claim under Title VII for sex discrimination. Lastly, Dr. Steptoe contends that he should be dismissed from this action based on qualified immunity. However, this contention is without merit because qualified immunity is not available to persons sued under Title VII. *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991). This is because qualified immunity is available only to a person who is sued individually. It is not available to a defendant who, as is the case with Dr. Steptoe, is sued only in his official capacity as is proper in a Title VII case.

## V. *CONCLUSION*

For the foregoing reasons, the Defendants' Motion to Dismiss is due to be and is hereby DENIED.

The Defendants are given until November 22, 1996 to file their Answer to the Complaint.