**Joseph W. OLMSTED, Plaintiff,**

v.

**Don DEFOSSET; Heritage Consultants, Inc.; and Walter Industries, Inc., Defendants.**

No. 8:02–CV–672–T–17–MSS.

United States District Court, M.D. Florida, Tampa Division.

June 5, 2002.

Joseph W. Olmstead, Tampa, FL, Pro se.

Mark A. Hanley, Alysa J. Ward, Glenn, Rasmussen & Fogarty, Tampa, FL, for Don Defosset, Heritage Consultants, Inc., Walter Industries, Inc., defendants.

## ORDER

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant, Walter Industries, Inc.'s Motion to Dismiss with Prejudice and Memorandum of Law in support thereof (Dkt.Nos.5–6); Defendant, Heritage Consultants, Inc.'s Motion to Dismiss with Prejudice (Dkt. No. 7); and Defendant, Heritage Consultants, Inc.'s Memorandum of Law in Support of its Motion to Dismiss with Prejudice and Motion for Attorney's Fees and Costs (Dkt. No. 8); Memorandum of Law of Plaintiff in Opposition to "Defendant, Walter Industries, Inc.'s Motion to Dismiss with Prejudice" (Dkt. No 11); Memorandum of Law of Plaintiff in Opposition to "Defendant, Heritage Consultants, Inc.'s Motion to Dismiss with Prejudice" (Dkt. No 12); Declaration of Joseph W. Olmstead (Dkt. No. 14); and Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 4).

### Procedural Background

Plaintiff, Joseph Olmstead (Plaintiff) worked in the data processing department of Walter Industries, Incorporated (Defendant Walter Industries). In 1995, Plaintiff went on disability leave after he was diagnosed with Acquired Immunodeficiency Syndrome (AIDS). Plaintiff originally filed suit in this Court on March 31, 1999, alleging that Defendant Walter Industries discriminated against him in violation of the Americans with Disabilities Act (ADA), Title 42, United States Code, section 12112, *et seq.* and Title VII of the Civil Rights Act of 1964 (Title VII), Title 42, United States Code, Section 2000e, *et seq.*

On June 1, 2000, the Honorable Henry Adams, granted Walter Industries' first motion for summary judgment against Plaintiff as to all claims that were based on claims that related to actions prior to Plaintiff's medical leave of absence. Judge Adams found that these claims were time barred, and, therefore, summary judgment was appropriate. The Court disposed of all of Plaintiff's claims on December 1, 2000, when the Honorable James Moody granted Defendant Walter's second motion for summary judgment. However, in his Order, Judge Moody reserved ruling in favor of Defendant Walter Industries to allow Plaintiff a chance to file an amended complaint.

After Plaintiff filed his amended complaint, Defendant Walter Industries moved to dismiss the complaint, which Judge Moody granted on February 26, 2001. Two days later, Plaintiff filed an appeal with the United States Court of Appeals for the Eleventh Circuit; however, the Eleventh Circuit affirmed Judge Moody's dismissal and entry of summary judgment on October 24, 2001. Thereafter, Plaintiff filed a petition for rehearing before the Eleventh Circuit, which was denied, and a Petition for Writ of Certiorari before the Supreme Court of the United States, which was also denied.

On April 18, 2002, Plaintiff, again proceeding *pro se*, filed the current complaint with this Court pursuant to a right-to-sue notice that the United States Equal Employment Opportunity Commission (EEOC) issued. The next day, Plaintiff filed his amended complaint to correct typographical errors that he made in one of the paragraphs of his complaint. In his complaint, Plaintiff asserts causes of action against Defendant Walter Industries; Heritage Consultants, Incorporated (Defendant Heritage), a Florida insurance company that provides administrative and consulting services to Defendant Walter Industries; and Don DeFosset (Defendant DeFosset), president and chief executive

officer of Walter Industries, under the Americans with Disabilities Act (ADA), Title 42, United States Code, section 12112, *et seq.* and Tile VII of the Civil Rights Act of 1964 (Title VII), Title 42, United States Code, Section 2000e, *et seq.* Defendant Walter Industries now moves to dismiss Plaintiff's complaint on the grounds that it fails to state a *prima facie* case of either discrimination or retaliation under the ADA and that the claims are barred under the doctrines of res judicata and collateral estoppel. Additionally, Defendant Heritage moves to dismiss the complaint, arguing that the complaint fails to state a claim upon which relief can be granted; that this Court lacks subject matter jurisdiction over it because Defendant Heritage was not named in the charge of discrimination; that this Court lacks jurisdiction because Heritage is not an employer for the purposes of the ADA; and that the claims are barred under the doctrines of res judicata and collateral estoppel.

### Factual Background

Plaintiff began working for Defendant Walter Industries in its data processing department in 1987. On March 28, 1995, Plaintiff's physician notified him that he had developed a serious infection and would have to take leave from work immediately to begin aggressive therapy to treat the infection. Plaintiff then notified Becky Nelson, an employee in the Human Resources Department at Walter Industries, who later called Plaintiff to acknowledge receipt of his request for leave and to assure him that his medical condition would be protected. She also advised Plaintiff that he would remain an employee for an indefinite period of time and that he would be eligible for long-term disability benefits.

Plaintiff received long-term disability benefits from July 1995 until May 1997, when his benefits were discontinued because he was a "terminated" employee.

Plaintiff then filed a charge of discrimination with the EEOC on September 11, 1997. Proceeding *pro se,* Plaintiff filed his original complaint on March 31, 1999 with this Court. Sometime after the Court's December 1, 2000 Order for summary judgment in favor of Defendant Walter Industries, Plaintiff sought to be rehired by Defendant Walter Industries, and he applied for a 'few open positions. After Defendant Walter Industries failed to rehire Plaintiff in the positions for which he applied, Plaintiff filed suit against the named defendants for disability discrimination and retaliation under the ADA and Title VII.

### Standard of Review

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 56–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, a plaintiff may not merely "label" claims to survive a motion to dismiss. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the complaint must provide a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed. R.Civ.P. 8(a)(2)). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991).

## Discussion

### I. Defendant Walter's Motion to Dismiss

#### A. Failure to State a Claim of Disability Discrimination under the ADA

The Americans with Disabilities Act prohibits employers from discriminating on the basis of a known physical or mental impairment of a qualified individual with a disability. 42 U.S.C. § 12112. Under the ADA, employers must provide reasonable accommodations for known disabilities "unless doing so would result in undue hardship upon the employer." *Morisky v. Broward County,* 80 F.3d 445, 447 (11th Cir.1996).

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that he "1) has a disability; 2) is a qualified individual; and 3) was unlawfully subjected to discrimination because of his disability." *Id.* "Disability" under the ADA is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or is regarded as having such an impairment." *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir.1997) (citing 42 U.S.C. § 12102).

■ Defendant argues that Plaintiff has not alleged that he is disabled for the purposes of the ADA. The Court agrees. Nowhere in his complaint does Plaintiff allege how or why he is disabled. Looking at the four corners of Plaintiff's complaint, it is impossible for the Court to determine what Plaintiff's disability is and whether that condition "significantly restricts [his] ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having

comparable training skills and abilities." *Pritchard v. S. Co. Servs.,* 92 F.3d 1130, 1133 (11th Cir.1996).

Moreover, if Plaintiff is alleging that Defendant Walter Industries discriminated against him on account of his disability by not rehiring him, the Court must wonder how Plaintiff can work, yet also can be disabled as defined under the ADA. The Court finds that this possibility cannot exist; however, "a qualified individual may be unlawfully discriminated against because of the individual's disability when an individual's employer does not reasonably accommodate the disability—unless such an accommodation would impose an undue hardship on the employer." 42 U.S.C. § 12112(b)(5)(A). Although Plaintiff may be able to prevail under this section of the ADA if he can show that he was disabled and Defendant Walter Industries failed to reasonably accommodate his disability, at this point, Plaintiff has failed to allege enough facts in his complaint to withstand a motion to dismiss on this cause of action.

Additionally, the Court notes that Plaintiff has alleged that he was qualified; but, he has failed to allege that he was subject to discrimination because of his disability. Therefore, because Plaintiff has failed to state a *prima facie* case of discrimination under the ADA, the Court must grant Defendant Walter Industries's motion to dismiss; however, the Court does so *without* prejudice and grants Plaintiff leave to amend this cause of action.

#### B. Failure to State a Claim of Retaliation under the ADA

To establish a *prima facie* case of retaliation under the ADA,[1] a plaintiff must prove the following elements: (1) he participated in an activity that the ADA pro-

---

[1]. Courts use the same analytical framework for retaliation claims under both Title VII and the ADA. *E.g. Stewart,* 117 F.3d at 1287; *McNely v. Ocala Star–Banner Corp.,* 99 F.3d 1068, 1075–1077 (11th Cir.1996).

tects; (2) he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. *Gupta v. Fla. Bd. of Regents,* 212 F.3d 571, 587 (11th Cir.2000) (citing *Farley v. Nationwide Mutual Ins.,* 197 F.3d 1322, 1336 (11th Cir.1999)).

### 1. Protected Activity

■ The Court finds that Plaintiff has sufficiently alleged that he participated in a protected activity in his complaint. Not only does he set forth the charge of discrimination that he filed with the EEOC, but he also mentions the prior lawsuit in which he filed suit against Defendant Walter Industries for discrimination in this Court. Because these are protected activities for the purposes of the ADA, Plaintiff has set forth the first element of a *prima facie* case of retaliation.

### 2. Adverse Employment Action

An adverse employment action is "an ultimate employment decision, such as a discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'" *Gupta,* 212 F.3d at 587 (quoting *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1300 (3d Cir.1997)). To determine whether there is sufficient action to constitute adverse employment action, the court must look at each claim on a case-by-case basis, using a subjective and an objective standard. *Id.* (citing *Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1178 (10th Cir. 1999)). In this Circuit, an employee must show a serious and material change in the terms, conditions, or privileges of employment, and the employee's subjective view of the significance of the employer's action is not controlling; rather, the employment action must be materially adverse to a reasonable person under the circumstances. *Davis v. Town of Lake Park,* 245 F.3d 1232, 1239 (11th Cir.2001) (citing *Doe v. Dekalb County Sch. Dist.,* 145 F.3d 1441, 1453 (11th Cir.1998)).

■ Here, Plaintiff alleges that the adverse employment action that Defendant Walter Industries took was its failure to rehire him, even though it had openings at the position to which he applied. Under Title VII, and thus the ADA, "failure to hire" is an adverse employment action. *See Gupta,* 212 F.3d at 587 (quoting *Robinson,* 120 F.3d at 1300) (defining adverse employment action as "an ultimate employment decision, such as a discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'"). Moreover, a reasonable person under the circumstances—that is, someone qualified for the position that was previously employed by Defendant Walter Industries—would find that the failure to rehire him or her was an adverse employment action. Because Plaintiff sufficiently alleges that Plaintiff failed to hire him, the Court finds that he has sufficiently alleged adverse employment action and has met the second element for a *prima facie* case of retaliation.

### 3. Causal Connection

■ To establish a causal connection between Plaintiff's participation in a protected activity and Defendant Walter Industries's adverse employment action, Plaintiff must show that the "decision-maker[s] [were] aware of the protected conduct," and "that the protected activity and the adverse action were not wholly unrelated." *Gupta,* 212 F.3d at 578 (quoting *Farley,* 197 F.3d at 1337 (citation, internal marks, and emphasis omitted)).

For the purposes of a *prima facie* case, "close temporal proximity" may be sufficient to show that the protected activity and the adverse action were not "wholly unrelated." *Id.* (citing *Farley*, 197 F.3d at 1337). In looking at Plaintiff's allegations of both a protected activity and the adverse employment action, the Court finds that he has also alleged that the two are not "wholly unrelated" for the purposes of a *prima facie* case of retaliation. He has alleged that Defendant Walter Industries knew of the protected activity. Moreover, he has alleged that he filed suit and, after the suit was dismissed, he attempted to look for a job, at which point Defendant Walter Industries failed to rehire him. The Court finds that these allegations show "close temporal proximity" between the protected activity and the adverse employment action for the purposes of setting forth a *prima facie* case of retaliation. Therefore, Defendant Walter Industries's motion to dismiss the retaliation claim is denied.

### C. Res Judicata and Collateral Estoppel

#### 1. Res Judicata

Res judicata, or claim preclusion, refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. *I.A. Durbin, Inc. v. Jefferson Natl. Bank*, 793 F.2d 1541, 1549 (11th Cir.1986). To bar a subsequent suit on the grounds of res judicata, four elements must be present: "1) there must be a final judgment on the merits, 2) the decision must be rendered by a court of competent jurisdiction, 3) the parties, or those in privity with them, must be identical in both suits, and 4) the same cause of action must be involved in both cases." *Id.*

■ Here, the first three elements are not in dispute. However, the Court must address whether the same cause of action is involved so as to preclude Plaintiff's ability to litigate his claim in this case. To determine whether Plaintiff's previous claim against Defendant Walter Industries is the same as the claim that Plaintiff sets forth here, the Court must ascertain whether the present case "arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action," or "arises out of the same transaction or series of transactions." *Israel Discount Bank, Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir.1992) (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir.1990); and *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1551 (11th Cir.1990)). To make this finding, "a court should compare the factual issues explored in the first action with the factual issues to be resolved in the second action." *Id.* (citing *Citibank*, 904 F.2d at 1503).

In both actions, Plaintiff alleged that Defendant Walter Industries discriminated against him in violation of the ADA. However, in the first action, Plaintiff claimed that he was discriminated against because he was terminated from employment with Defendant Walter Industries. Here, he claims that he was discriminated against because Defendant Walter Industries failed to rehire him based on his disability and in retaliation for filing the previous suit. Defendant Walter Industries sets forth in its memorandum in support of its Motion to Dismiss that Defendant applied for re-employment at Walter Industries after this Court entered its Order in December 2000, granting summary judgment in favor of Defendant Walter Industries. As such, the discrimination that Plaintiff now complains of occurred after the litigation of the first claim and involved different factual predicates than the first action. In looking at the "substance of the actions and not their forms," the Court finds that res judicata does not bar Plaintiff's claim.

*Ray v. Tenn. Valley Authority,* 677 F.2d 818, 821 (11th Cir.1982).

### 2. Collateral Estoppel

Collateral estoppel, or issue preclusion, forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit. To assert collateral estoppel: "1) the issue at stake must be identical to the one involved in the prior litigation; 2) the issue must have been actually litigated in the prior suit; 3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; 4) and the party against whom the earlier decision was asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *I.A. Durbin, Inc.,* 793 F.2d at 1549.

■ Here, as described above, the Court finds that the issue that Plaintiff seeks to litigate here was not litigated in the previous lawsuit. Previously, the issue was whether Defendant Walter Industries discriminated against Plaintiff when it terminated his employment because of his disability. In the case at hand, Plaintiff is claiming that Defendant Walter Industries discriminated against him by refusing to rehire him because of his disability and in retaliation for filing the prior suit. Moreover, Plaintiff did not have a full and fair opportunity to litigate the issue in the prior proceeding because he did not even seek reemployment until after the Court had entered its order granting summary judgment in favor of Defendant Walter Industries. Therefore, the Court finds that the doctrine of collateral estoppel does not preclude Plaintiff from filing suit in this action and Defendant's Motion to

Dismiss based on the doctrine of collateral estoppel must be denied.

### II. Defendant Heritage's Motion to Dismiss

#### A. Naming Requirement

The ADA requires that an individual filing a charge with the EEOC name all individuals against whom the charge is brought.[2] 42 U.S.C. § 2000e-5(f)(1). "Although the Eleventh Circuit liberally construes the naming requirement of [the ADA], a subsequent civil action may not be brought against an individual not named in an EEOC charge." *Frazier v. Smith,* 12 F.Supp.2d 1362, 1369 (S.D.Ga.1998) (citing *Virgo v. Riviera Beach Assoc., Ltd.,* 30 F.3d 1350, 1358 (11th Cir.1994)). The naming requirement serves the purpose of providing notice to the defendant that charges have been filed with the EEOC. Additionally, it provides the EEOC of notice of all the parties that are involved so that it may accomplish its investigatory and conciliatory goals. *Id.* "Only where the purposes of [the ADA] have been fulfilled may such an action be brought against an individual who was not named in the EEOC charge." *Id.* (citing *Moore v. Alabama State U.,* 945 F.Supp. 235, 240 (M.D.Ala.1996)).

■ Here, Plaintiff claims that because Defendant Heritage was the insurance administrator, it would have been given notice of Plaintiff's EEOC charge of discrimination. However, Plaintiff fails to address how the EEOC was notified that Defendant Heritage also discriminated against Plaintiff. Because the EEOC was not aware that Defendant Heritage was a party to the suit and, therefore, was unable to

2. Title VII's procedural requirements govern the procedural requirements for the ADA. *See* 42 U.S.C. § 12117(a) (providing that "the procedures set forth in section[] ... 2000e-5 ... of this title shall be the ... procedures of this subchapter provided to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability ....").

investigate the claims that Plaintiff asserts against it, the Court finds that the purposes of the ADA were not met, and Plaintiff's claim must be dismissed with prejudice against Defendant Heritage because Plaintiff failed to name it in his charge of discrimination.

### B. Employer Requirement

■ Despite the fact that the Court found that the Complaint must be dismissed with prejudice against Plaintiff for failing to name Defendant Heritage in the charge of discrimination, the Court finds that the complaint also must be dismissed with prejudice because Defendant Heritage is not an employer as defined in the ADA.

The Eleventh Circuit, as well as numerous other Circuits, and district courts within this Circuit, have held that the ADA, as well as Title VII, does not provide liability for any one other than "covered entities." *Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir.1996); *e.g. EEOC v. AIC Sec. Inv.,* 55 F.3d 1276, 1279–1282 (7th Cir. 1995); *Mistretta v. Volusia County Dept. of Corrections,* 61 F.Supp.2d 1255 (M.D.Fla.1999). Section 12111 of the ADA defines "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Because Defendant Heritage simply administers Defendant Walter Industries's employee benefits programs, it is not a "covered entity" for the purposes of the ADA and is not liable for any alleged discrimination that Plaintiff suffered at the hands of Defendant Walter Industries.

Having looked at Plaintiff's motion to amend his complaint, the Court finds that he is unable to state a claim against Defendant Heritage for which relief can be granted; therefore, the Court grants Defendant Heritage's Motion to Dismiss with prejudice.

### C. Attorneys' Fees

■ Defendant Heritage moves for attorneys' fees and costs because Plaintiff failed to dismiss this action at Defendant Heritage's request. First, the Court reminds Defendant Heritage that Plaintiff is proceeding *pro se,* and, therefore, this Court must take particular care in viewing his actions because of the lenient standard to which a *pro se* litigant is entitled. Moreover, the Court recognizes, as should Defendant Heritage, that the simple assertion by Defendant Heritage's counsel that Plaintiff did not have a cause of action against Defendant Heritage and Plaintiff's failure to take counsel's word on this point is not sanctionable conduct.

Finally, Defendant Heritage has not provided this Court with authority under which it is entitled to sanctions. It appears that Defendant Heritage may be moving for Rule 11 sanctions, but this Court is unable to determine from Defendant's motion. Additionally, if Defendant is moving for Rule 11 sanctions, it has failed to show the Court that it has abided by the safe harbor provision under Rule 11. *See* Fed.R.Civ.P. 11 (providing that a motion for sanctions "shall be served as provided in Rule 5, but *shall not be filed with or presented to the Court unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."*) (emphasis added). Therefore, Defendant Heritage's Motion for Attorney's Fees and Costs is denied.

### III. Leave to Amend

Plaintiff has a Motion for Leave to Amend his complaint pending before this Court to which Defendants have failed to respond. Because the time to respond has long since passed, the Court grants Plaintiff's motion for leave to the extent this

Order allows. Specifically, Plaintiff is granted leave to amend his discrimination claim against Defendant Walter Industries; however, he may not add any new causes of action, add any new defendants, or attempt to assert new claims against Defendant Heritage or Defendant DeFosset.

Accordingly, it is

**ORDERED** that Defendant, Walter Industries, Inc.'s Motion to Dismiss with Prejudice (Dkt. No. 5) be **GRANTED** in part and **DENIED** in part; Defendant, Heritage Consultants, Inc.'s Motion to Dismiss with Prejudice (Dkt. No. 7) be **GRANTED**; Defendant Heritage's Motion for Attorney's Fees and Costs (Dkt. No. 8) be **DENIED**; and Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 4) be **GRANTED** to the extent that it conforms with this Order. The Clerk of Court is directed to dismiss with prejudice Defendant Heritage from the complaint.