HILL, Circuit Judge:
Daron Edison, a prisoner in a Florida state prison, filed this action pro se, alleging violations of the American With Disabilities Act, 42 U.S.C. §§ 12101-12214 (the “ADA”). The district court granted summary judgment to defendants, and Edison appeals.
I.
Daron Edison brought this action against Timothy Douberly, Brenda Williams, and Timothy Lovell, alleging violations of Title II of the ADA by defendants in their “official capacities” as employees of GEO Care Group, Inc., (“GEO”), a private prison management corporation operating a Florida state prison. Edison sought injunctive relief and damages as the result of defendants’ alleged violations of Title II, which prohibits a “public entity” from discriminating against qualified individuals with disabilities because of their disabilities. 42 U.S.C. § 12132.
Only public entities are liable for violations of Title II of the ADA. 42 U.S.C. § 12131. Pa. Dept. of Corr. v. Yeskey, 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). The district court granted summary judgment to defendants on the grounds that GEO is not a public entity and, therefore, not liable under the statute.[1] It is to this question we now turn.
II.
Edison contends that GEO is a public entity under the ADA because Section 12131(1)(B) of the statute defines a public entity, in part, as an “instrumentality of a State.” Edison bolsters his contention by application of traditional canons of statutory interpretation to the term “instrumentality of a State.”
We agree with this approach to interpreting the term instrumentality of a State. In fact, we agree with the Court of Appeals for the Second Circuit that interpretation of the ADA’s use of the term “instrumentality of a State” is entirely controlled by the statutory language itself. Green v. New York, 465 F.3d 65, 78-79 (2d Cir.2006).
In Green, the plaintiff alleged that a private hospital was a public entity for purposes of the ADA because it carried out a public function pursuant to a contract *1309 with New York City to provide certain services. Id. at 78. The Second Circuit, however, said that the plaintiffs theory “failed to grapple with the actual words of the statute.” Id.
The court observed that, under the rules of statutory interpretation, the term “public entity” must be given its plain meaning, and, if those words are susceptible to more than one such meaning, their interpretation must be guided by the canons of statutory construction. Id.[2] Courts are not free, and may not elect, to adopt other interpretations of statutory language and expand the reach of a statute merely because some might find it desirable.
With these limitations in mind, the Second Circuit looked to the definitions section of Title II. That section defines “public entity” to mean “any department, agency, special purpose district, or other instrumentality of a State or States or local government.” 42 U.S.C. § 12131(1)(B). The court, reasoned, therefore, that the private hospital there could be a public entity only if it were an “instrumentality of a State,” as it fit no other statutory category.[3] Id. The question, then, is what does the statute mean by the words “instrumentality of a State.” Id.
“Instrumentality,” the Second Circuit observed, is a word susceptible of more than one meaning. Id. at 79. Turning then to the canons of statutory construction, the court noted that under the canon noscitur a sociis, “a word is known by the company it keeps.” Id. (citing Jarecki v. G.D. Searle & Co., 367 U.S. 303, 307, 81 S.Ct. 1579, 6 L.Ed.2d 859 (1961)) (although noscitur a sociis is not an inescapable rule, “it is often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress”).
The “company” which “instrumentality” keeps in this definition of public entity include the words “department, agency, and special purpose district.” The court noted that all of these words are qualified by the remaining words in the definition— “of a State or States or local government.” Green, 465 F.3d at 79. Agencies and departments are units of a governmental entity. A special purpose district (in New York, as well as in Florida) is set up to serve the special needs of a governmental entity, such as water conservation. The defining characteristic of all of these entities is that they are either traditional governmental units or created by one. Thus, the Second Circuit concluded, the words “instrumentality of a State” were intended to refer, as do all the other words around them, to a governmental unit. Id.[4]
The private hospital in Green was not such a governmental unit, the court concluded. Nor was it created by a govern *1310 mental entity. Instead, “it is a parallel private entity.” Id. Even where such a private entity contracts with a government to perform a traditional and essential government function, it remains a private company, not a public entity. A private contractor does not, the court held, become liable under Title II merely by contracting with the State to provide governmental services, essential or otherwise. Id. The Second Circuit affirmed the district court’s dismissal of the private hospital.
We too have long recognized that our authority to interpret statutory language is constrained by the plain meaning of the statutory language in the context of the entire statute, as assisted by the canons of statutory construction. Nguyen v. United States, 556 F.3d 1244, 1252-57 (11th Cir.2009); Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1167 (11th Cir. 2003). We have affirmed many times that we do not look at one word or term in isolation but rather look to the entire statute and its context. See United States v. Silva, 443 F.3d 795, 798 (11th Cir.2006). Our job in this case, then, is to interpret the ADA’s use of the words “instrumentality of a State” in a manner consistent with their plain meaning and context, and in this endeavor we are persuaded that the Second Circuit has “got it right.” We, too, hold that the term “instrumentality of a State” refers to governmental units or units created by them.
All of the courts that have considered this question have come to the same conclusion. In Cox v. Jackson, 579 F.Supp.2d 831, 852 (E.D.Mich.2008), the district court held that a private medical provider for a prison could not be considered a “public entity” under the statute because it was not a governmental entity. The court adopted the holding of Green that a private contractor does not become a public entity under Title II merely by contracting with a governmental entity to provide governmental services. Id.
In Hahn v. Linn County, 191 F.Supp.2d 1051, 1055 n. 2 (N.D.Iowa 2002), the district court held that the plain meaning of the language of Title II limits its liability to a public entity and that a contractual relationship between a private corporation and a county government does not transform the private corporation into a “public entity.”
Similarly, in O’Connor v. Metro Ride, Inc., 87 F.Supp.2d 894, 900 (D.Minn.2000), the district court held that a private corporation was not a public entity merely because it contracted with the public entity to provide a specialized transit program for disabled persons.
Finally, in Doe v. Adkins, 110 Ohio App.3d 427, 674 N.E.2d 731 (1996), the court held that a private mental health services corporation that provided contract services to a local mental health agency was not an instrumentality of that governmental unit for the purposes of the ADA. The court opined that “because [the defendant] is not a department, agency, or special purpose district, or other instrumentality of a state or local government we find that it is not a public entity for purposes of Section 12132 [of the ADA].”
III.
We agree with these courts that a private corporation is not a public entity merely because it contracts with a public entity to provide some service. Since GEO is such a private corporation, we hold that GEO is not a public entity subjecting it to liability under Title II of the ADA and is, therefore, not a proper defendant in this action. Accordingly, the judgment of the district court is
AFFIRMED.[5]

. Although GEO is not named as a defendant, plaintiff states that he has sued defendants in their "official capacities” and that the lawsuit, therefore, is really a suit against the alleged "public entity,” GEO. Plaintiffs theory is that GEO is a public entity under the ADA, and, therefore, its employees have official capacities. Because we hold that GEO is not a public entity, we need not and do not decide whether its employees would have had official capacities if it were.

. We move beyond these methods of statutory interpretation, to legislative intent and policy considerations, only if both the plain meaning of the language and the canons of construction fail to resolve the ambiguity. Id.

. The hospital, like the private prison management company here, was not a state or local government, a department, agency, or special purpose district of a state or local government or the National Railroad Passenger corporation or a commuter authority.

. The result would be the same, the Second Circuit noted, under the rule of statutory construction of ejusdem generis, which provides that when general words follow the enumeration of particular classes, the general words should be construed as applying only to things of the same general class as those enumerated. Id. at 79 n. 10. Edison agrees with the application of ejusdem generis, but argues that it would permit interpretation of the statutory language to include entities that are the functional equivalent of governmental entities, and would not require entities to be of the same general class. This interpretation violates the canon of construction.

. The dissent suggests that the appellant should have an opportunity to amend the *1311 complaint. However, he has not requested permission to amend — here, or in the district court.