# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3281

_____

Donald E. Johnson, also known as Donald E. Cooley

*Plaintiff - Appellant*

United States of America

*Intervenor*

v.

Ronald C. Neiman, Constituent Services Officer, Personal Capacity, also known as Chris Neiman; Lois Cella, Nurse, CMS, Personal Capacity; Brenda Burlbow, Nurse, CMS, Farmington Correctional Center, Personal Capacity; Gary H. Campbell, Doctor, CMS, Farmington Correctional Center, Personal Capacity; Beverly Morrison, Doctor, CMS, Farmington Correctional Center, Personal Capacity; Allen Luebbers, Warden, Farmington Correctional Center, Personal Capacity; Joe Sampson, Warden, Farmington Correctional Center, Personal Capacity; James Crump; Leslie Semar, Caseworker, Farmington Correctional Center, Personal Capacity; Carlos Sampson, Caseworker, Farmington Correctional Center, Personal Capacity; Julie Motley, Therapist, Director of MOSOP, Farmington Correctional Center, Personal Capacity; Herb Yelverton, Therapist, MOSOP, Farmington Correctional Center, Personal Capacity; Elizabeth Conley, Nurse, CMS, Personal Capacity; Michael Sands, Doctor, CMS, Personal Capacity; Jewell Cofield, Doctor, CMS, Personal Capacity; Larry Crawford, Director, Missouri Department of Corrections, Personal Capacity; George Lombardi, Director, Missouri Department of Corrections, Personal Capacity; Missouri Department of Corrections; Correctional Medical Services; Patrick Kosanke, Correctional Officer, Farmington Correctional Center, Personal Capacity; Ed Courtney, Correctional Officer, Farmington Correctional Center, Personal Capacity; Robby Skaggs, Correctional Officer, Farmington Correctional Center, Personal Capacity

*Defendants - Appellees*

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

———————

Submitted: April 30, 2013
Filed: May 6, 2013
[Unpublished]

———————

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

State inmate Donald E. Johnson appeals the district court's[1] adverse grant of summary judgment in his action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). Johnson's claims arose during his incarceration at Farmington Correctional Center and were based on allegations concerning treatment for chronic pain and limitations resulting from his pre-existing injuries, his ability to participate physically in the Missouri Sex Offender Program (MoSOP)–from which he was terminated during Phase II of the program–and his access to the law library. The United States, as Intervenor, challenges the district court's analysis in support of its determination that the Missouri Department of Corrections (MDOC) was entitled to sovereign immunity on the ADA Title II claim. Specifically, the United States argues that remand is warranted because under United States v. Georgia, 546 U.S. 151 (2006), the district court was required, before determining whether ADA Title II validly abrogates MDOC's sovereign immunity, to determine whether there was sufficient evidence to survive summary judgment on the Title II claim, and the court erred by not making such a determination. See Bowers v. Nat'l Collegiate Athletic

———————

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

Ass'n, 475 F.3d 524, 552-53 (3d Cir. 2007) (under Georgia, court must (1) identify which aspects of state's alleged conduct violated Title II; (2) identify to what extent misconduct also violated Fourteenth Amendment; and (3) insofar as misconduct violated Title II but not Fourteenth Amendment, determine whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid; court was thus required in first instance to determine whether any aspect of defendant's alleged conduct formed basis for Title II claim).

Upon de novo review of the record, see Schoelch v. Mitchell, 625 F.3d 1041, 1045-46 (8th Cir. 2010), and careful consideration of the briefed issues that are properly before us, we affirm for the following reasons. First, we conclude that there were no trialworthy issues on whether Johnson was denied necessary treatment, including medical equipment or activity restrictions, for his chronic pain or limitations from pre-existing injuries; was forced to participate in activities that were beyond his physical capabilities; or was prescribed medication with knowledge that it would–or likely would–cause adverse side effects. See Vaughn v. Gray, 557 F.3d 904, 908-09 (8th Cir. 2009) (inmate must demonstrate objectively serious medical needs defendants knew of, but deliberately disregarded, i.e., that defendants' mental state was akin to criminal recklessness; it is not Eighth Amendment violation when defendants, in exercising professional judgment, refuse to implement inmate's requested course of treatment); Meloy v. Bachmeier, 302 F.3d 845, 848-49 (8th Cir. 2002) (discussing supervisory liability; prison officials cannot substitute their judgment for medical professional's prescription). Second, the law-library claim was properly dismissed for failure to exhaust administrative remedies and, in any event, Johnson did not allege injury from the one-time denial of access to the law library. See Cody v. Weber, 256 F.3d 764, 769-70 (8th Cir. 2001) (discussing actual-injury requirement). Third, because Johnson did not establish a underlying constitutional violation, his related conspiracy claims must also fail. See Novotny v. Tripp County, S.D., 664 F.3d 1173, 1180 (8th Cir. 2011).

Fourth, as to the ADA Title II claims against Correctional Medical Services (CMS) and Mental Health Management (MHM) and the individual defendants in their personal capacities, we agree with the district court that CMS and MHM are not "public entities" covered by Title II, see Edison v. Douberly, 604 F.3d 1307, 1310 (11th Cir. 2010); and that individuals are not subject to liability under Title II, see Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc).

Finally, we need not address whether the district court properly determined that MDOC was entitled to sovereign immunity on the ADA Title II claim. This is because there was insufficient evidence in the record to support the Title II claims. See Schoelch, 625 F.3d at 1045-46 (summary judgment may be affirmed on any basis supported by record); Buchanan v. Maine, 469 F.3d 158, 172-73 (1st Cir. 2006) (court should not reach Eleventh Amendment immunity issue if summary judgment record established no Title II claim against State); cf. Hale v. King, 642 F.3d 492, 498 (5th Cir. 2011) (per curiam) (declining to decide whether Georgia prohibits court from addressing validity of ADA Title II's abrogation of immunity without first deciding that claimant's allegations actually state claim for relief under Title II, because appellate court was well suited to apply Fed. R. Civ. P. 12(b)(6) standard to allegations in support of Title II claims). Specifically, there was no material evidence showing that Johnson required accommodations or medical equipment in addition to what he was already receiving, so as to permit his meaningful participation in Phase II of MoSOP, or that there was deliberate indifference to his need for such accommodations or medical equipment; and Johnson did not rebut the evidence showing that he was terminated from Phase II due to his poor motivation, progress, and attendance. See Randolph v. Rogers, 170 F.3d 850, 858 (8th Cir. 1999) (prima facie case under ADA Title II); see also Meagley v. City of Little Rock, 639 F.3d 384, 387-89 (8th Cir. 2011) (to recover damages under ADA Title II, discriminatory intent must be shown; deliberate indifference is appropriate standard for showing deliberate discrimination). We thus find remand unwarranted. The district court is affirmed, and we deny Johnson's motion to strike and for sanctions.

_____