[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10922
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21884-WJZ

CRYSTAL MORGAN,

Plaintiff-Appellant,

versus

BRUCE CHRISTENSEN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Crystal Morgan, proceeding pro se, filed suit in the District of Colorado alleging that she was assaulted in Florida. In this appeal she argues that the District of Colorado erred by transferring her case to the Southern District of Florida. She also argues that the Southern District of Florida erred by declining to exercise supplemental jurisdiction over her state law claims and by dismissing her Americans with Disability Act (ADA) claims.[1] After careful review of the record and consideration of the parties' briefs, we dismiss in part and affirm in part.

## I.

Morgan argues that the District of Colorado erred by transferring her claims to the Southern District of Florida. We lack jurisdiction to review the decision of a district court in another circuit. Murray v. Scott, 253 F.3d 1308, 1314 (11th Cir. 2001). As Morgan concedes, the proper avenue for review was a petition for mandamus in the Tenth Circuit seeking to enjoin the transfer. Id. We therefore dismiss Morgan's appeal to the extent that it seeks review of the District of Colorado's transfer order.

---

[1] Morgan refers to the dismissal of her 42 U.S.C. § 1983 claim for the first time in her reply brief. Therefore, that issue is abandoned. United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

**II.**

We review a district court's refusal to exercise supplemental jurisdiction over state law claims for abuse of discretion. Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1211 (11th Cir. 2010). The district court is in the best position to weigh the competing interests set forth in 28 U.S.C. § 1367 and decide whether it is appropriate to exercise supplemental jurisdiction. Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir. 1997). A district court may decline to exercise supplemental jurisdiction over a state claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Substantial predominance exists "when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 744 (11th Cir. 2006) (quotation marks omitted).

Here, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Morgan's state law claims. Morgan's lawsuit stems from an alleged physical assault by Bruce Christensen that took place in a Florida state courtroom. Deciding this claim would require the district court to apply Florida tort law for assault, negligence, and intentional infliction of emotional distress, as opposed to federal law. Morgan's federal claims, made pursuant to the ADA, are an appendage to her state tort claims, which substantially predominate in

3

this matter.  See Parker, 468 F.3d at 744.  Given the deference afforded to a district court concerning its exercise of supplemental jurisdiction, the district court here did not abuse its discretion by dismissing Morgan's state claims.  See Lucero, 121 F.3d at 598.  We therefore affirm this part of the appeal.

## III.

We review de novo a grant of a motion to dismiss for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004) (quotation marks omitted).  In reviewing a motion to dismiss, we must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).  A claim is facially plausible when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  We construe a pro se litigant's pleadings liberally.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

The district court did not err by dismissing Morgan's Title II ADA claim. Title II of the ADA states that "no qualified individual with a disability shall, by

4

reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  "Only public entities are liable for violations of Title II of the ADA."  Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010).  Title II defines "public entity" to mean "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131(1)(B).  An "instrumentality of a State" is a governmental unit, not a private actor or entity.  Edison, 604 F.3d at 1310.  Even if a private actor or entity contracts with a government entity to perform government functions, it does not qualify as a "public entity" for the purposes of Title II liability.  Id.  While Morgan argues that Christensen is an instrumentality of the state because he is "an officer of the court," this is insufficient to state a Title II ADA claim because Christensen, a private attorney, is not a "public entity" within the meaning of 42 U.S.C. § 12132.  Edison, 604 F.3d at 1308–10.

The district court did not err by dismissing Morgan's Title III ADA claim. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in "any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Title III is meant to prevent owners of public places of accommodation from creating barriers that would restrict a disabled person's

ability to enjoy the defendant entity's goods, services, and privileges.  See Rendon v. Valleycrest Prods., 294 F.3d 1279, 1283 (11th Cir. 2002).  Morgan did not state a Title III ADA claim because the amended complaint does not allege that Christensen leased, owned, or operated a place of public accommodation.  42 U.S.C. § 12182(a).  Rather, all of the relevant events occurred exclusively in a Miami-Dade County courtroom, which was not leased, owned, or operated by Christensen.

Finally, the district court did not err by dismissing Morgan's Title V ADA claim.  Title V, the ADA's general anti-retaliation provision, prohibits discrimination against a person because she "opposed any act or practice made unlawful by [the ADA] or because [she] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" conducted under the statute.  42 U.S.C. § 12203(a).  Title V establishes individual liability for a violation of its prohibitions where the act or practice opposed is one made unlawful by Title II the ADA.  Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003).  To establish a prima facie case of non-employment related retaliation under the ADA, a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse action; and (3) the adverse action was causally related to the protected expression.  Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir. 2004).  To establish that she engaged in statutorily protected

6

expression, a plaintiff must show that she had a subjective belief that the defendant was engaged in unlawful practices, and that belief must be objectively reasonable. See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1312 (11th Cir. 2002) (stating this principle in the employment context).

Morgan did not state a retaliation claim under Title V of the ADA. Even liberally construed, the amended complaint does not demonstrate how Christensen engaged in any act or practice made unlawful by the ADA. Neither does the amended complaint allege how Morgan opposed an unlawful act, or how her opposition resulted in adverse consequences. And Morgan was not attempting to exercise a right protected by the ADA, or assisting anyone in their attempt to exercise a right protected by the ADA. As a result, the district court properly dismissed Morgan's ADA claims and we affirm this part of the appeal. Bell Atl. Corp., 550 U.S. at 555, 127 S. Ct. at 1965; see also Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam) (noting this Court can affirm on any ground that finds support in the record).

**DISMISSED IN PART, AFFIRMED IN PART.**