[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10352

Non-Argument Calendar

_____

EVELYN PEREZ,
as next friend of minor F.V.,

Plaintiff-Appellant,

*versus*

LAKE COUNTY ROWING ASSOCIATION,

Defendant-Appellee
Cross - Claimant,

THE CITY OF CLERMONT, FLORIDA,

Defendant-Appellee,

Cross-Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:19-cv-00661-JSM-PRL

_____

Before WILSON, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Evelyn Perez (Perez), as next friend and grandmother of minor child F.V., appeals the district court's grant of summary judgment in favor of Defendants (collectively, Defendants) Lake County Rowing Association (LCRA) and the City of Clermont (Clermont or the City).  This dispute arises out of an unsuccessful attempt by Perez to enter F.V., who is autistic, into a competitive after-school rowing program run by LCRA.  Perez filed suit asserting claims of failure to accommodate under the Americans with

21-10352                Opinion of the Court                3

Disabilities Act (ADA) against Defendants with an additional claim

for violation of Section 504 of the Rehabilitation Act against the

City.  The district court concluded that Defendants were entitled

to summary judgment in their favor under all of Plaintiff's claims.

Perez contends that summary judgment was inappropriate because

the district court erroneously applied the wrong standard, placing

a higher burden on Perez than that provided under law.  Perez as-

serts that genuine issues of material fact exist that preclude entry of

judgment.  After thorough review, because we are satisfied that Pe-

rez has not met the necessary burden to defeat summary judgment

on any count, we affirm.

I.

We review the district court's grant of summary judgment

de novo, viewing the facts and making all reasonable inferences in

the light most favorable to the nonmoving party.  *Boigris v. EWC*

*P&T, LLC*, 7 F.4th 1079, 1084 (11th Cir. 2021). We affirm a district court's grant of summary judgment when the record shows that there is no genuine dispute as to any material fact and that the moving party below is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (internal quotation marks omitted). If the moving party satisfies "the initial burden of demonstrating the absence of a genuine dispute of material fact," the burden shifts to the nonmovant to demonstrate the contrary. *Id.*

## II.

The undisputed facts are as follows. F.V. is a minor diagnosed with autism. As a result of his diagnosis, F.V. requires varying degrees of assistance with everyday tasks. LCRA, a local private

organization, offers summer camp and after-school programs, using a boathouse owned by the City to host its programming.  In the Management Agreement between the Defendants, LCRA assumed responsibility for the daily activities at the boathouse in exchange for the "exclusive right to possession and management of all [its] interior areas."  The City maintained the right to use the outside surrounding areas and to maintain and repair the boathouse and surrounding property.  LCRA also agreed to report on its activities to the City to ensure compliance with the City's obligations to Lake County under the Capital Projects Funding Program.

LCRA hosts a "learn to row" summer program within which F.V. participated.  At the conclusion of the summer program, Perez learned about an after-school program offered by LCRA and expressed interest about enrolling F.V.  The after-school program trains participants for team rowing competition.  The managing

coaches of the program agreed that F.V. was not capable of rowing in team boats in a competitive program. One coach, Coach Knutz, elaborated that F.V. was not following directions and was non-responsive in the summer program.

Perez did not apply for F.V. to participate in LCRA's after-school program. F.V. was invited to participate in the LCRA summer camp again, however.

Perez submitted an ADA complaint to the City over the matter. After the City informed Perez that the program at issue is offered by LCRA and not the City, the City passed the complaint to LCRA. A meeting was scheduled between LCRA personnel and Perez to discuss the complaint. The then-President of LCRA, Melissa Coleman, proposed to include F.V. in the after-school program under the condition that F.V. receive one-to-one instruction. Coleman stated that LCRA would "still have him practice, be part

of the team, be able to get the uniform, [and] be able to take part in off-the-water activities together."

Perez has denied seeking any accommodations for F.V. or any modifications in the training of LCRA's personnel, due to her belief that F.V. did not require any accommodations. Perez has also denied seeking a modification to any City policies, practices, or procedures. The parties agree that Perez did not request an accommodation.

Perez did not respond to LCRA about the proposal that it offered, nor did she respond when LCRA attempted to schedule a follow-up meeting with F.V.'s family. Perez instead filed suit in federal district court against both the City and LCRA. The district court granted summary judgment in favor of Defendants on all counts. This case comes before us on Perez's appeal of the district court decision.

III.

The Americans with Disabilities Act (ADA) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

The ADA protects against three main types of discrimination. As relevant here, "Title II prohibits discrimination by public entities (state or local governments); and Title III prohibits discrimination by a 'place of public accommodation,' which is a private entity that offers commercial services to the public." *A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018). Here, Perez's ADA claims implicate

Title II as alleged against the City and Title III as alleged against LCRA.

IV.

On appeal, Perez asserts that summary judgment was improperly granted to Defendants for the following reasons: (1) the City failed to accommodate F.V. in violation of Title II of the ADA; (2) LCRA failed to accommodate F.V. in violation of Title III of the ADA; and (3) the City discriminated against F.V. in violation of Section 504 of the Rehabilitation Act. We turn to each of these arguments in order.

## A. Count I: Violation of Title II of the ADA by the City

With respect to Plaintiff's charge under Title II of the ADA, we ask if, viewing the evidence in the light most favorable to the Plaintiff, there are any genuine issues of material fact concerning whether the City is, indeed, involved with the program.

10                    Opinion of the Court                    21-10352

Neither party denies that the City is a public entity nor that F.V. is a qualified individual with a disability. Under Title II, Perez bears the burden of demonstrating that F.V. "was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and that the exclusion, denial of benefit, or discrimination was by reason of [his] disability." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019).

The crux of the Title II controversy concerns the second and third prongs. With respect to the third prong, Perez contends that LCRA's proposal that F.V. be given one-to-one instruction in a segregated class effectively excluded F.V. from the after-school program, constituting discrimination. We have no need to evaluate Perez's argument on the third prong, because Perez fails to satisfy the second.

Under Title II, Perez must show that the public entity discriminated against her child. To this point, Perez argues that (1) the after-school rowing program is effectively a service offered by the City, and (2) in any event, the City, as landlord to LCRA, is liable because it was aware of and benefitted from LCRA's activities. The City responds that summary judgment was properly granted because the after-school program was not a service, program, or activity of the City, F.V. was not excluded from participation, and F.V. failed to request an accommodation from the City.

Title II, based on its plain language, applies only to public entities. *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010). We held in *Edison* that "a private corporation is not a public entity merely because it contracts with a public entity to provide some service." *Id.* at 1310.

In support of her argument, Perez makes much of the application for funds from Lake County completed by Defendants, under which Defendants express an intention to work together to "build a rowing infrastructure in South Lake County." No factual support exists in the record for Perez's assertion that the City stated that it could not host "its rowing program" without LCRA. Perez does not even demonstrate that the City knows anything about the operation of the LCRA after-school program beyond that it exists. This is particularly apparent in the face of the City's evidence to the contrary. Even if she could demonstrate that the City contracted with LCRA to offer a city service, our holding in *Edison* defeats her argument.

It is clear from this precedent that the program at issue must be offered by the public entity itself. To this point, there is no support in the record for Perez's claim that the program is a City

21-10352                Opinion of the Court                13

offering.  This is what is required to show that the City is liable for the LCRA after-school program.

Regarding the other elements of this claim, Perez does not even allege that the City engaged in discrimination.  Perez has further denied seeking a modification to any City policy, practice, or procedure.  Either of these findings alone would allow for summary judgment in the City's favor.  However, as demonstrated above, we do not need to even get this far.

Because Defendant does not provide any factual support in the record to support her contention that the City directly offered the after-school program, we affirm the district court in granting summary judgment in favor of Defendant City regarding this claim.

**B. Count II: Violation of Title III of the ADA Against LCRA**

Here, as in the claim against the City, neither party contests whether F.V. is a qualified individual nor whether Appellee LCRA leases or otherwise operates a place of public accommodation. Under Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of *any place of public accommodation* by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). Our analysis centers on whether Perez has created a genuine issue of material fact concerning whether LCRA discriminated against F.V. based on his disability by allegedly failing to accommodate him.

Title III provides that it is discriminatory to afford a disabled person only "the opportunity to participate in or benefit from" unequal services or facilities. 42 U.S.C. § 12182(b)(1)(A)(ii). This

includes instances in which a place of public accommodations has failed to make "reasonable modifications" to procedures "necessary" to provide its services and facilities to the disabled. 42 U.S.C. § 12182(b)(2)(A)(ii). Where, as here, a concededly disabled plaintiff alleges discrimination by a private entity in violation of Title III of the ADA, he "bears the burden of proving … that his requested modification is both 'reasonable' and 'necessary.'" *See id.*; *A.L. by & through D.L.*, 900 F.3d at 1292. Once the plaintiff has met his burden, the burden shifts to the private entity to demonstrate whether modifications requested by the plaintiff would "fundamentally alter the nature of" its services and facilities. *See id.*

Perez accuses LCRA of discriminating against F.V. because the accommodation that it suggested was to segregate him from the other program participants. But Perez confuses the party upon whose burden it rests to investigate and provide options for

accommodations.  It is the plaintiff who shoulders the burden of identifying a reasonable accommodation that would enable him to perform the "essential functions" of the position—not the defendant.  *See Willis v. Conopco, Inc.*, 108 F.3d 282, 283–84 (11th Cir. 1997) (per curiam).  The private entity's obligation to provide a reasonable accommodation does not come into effect until the plaintiff first meets his "burden of identifying an accommodation and demonstrating that it is reasonable."  *Frazier-White v. Gee*, 818 F.3d 1249, 1255–56 (11th Cir. 2016).

By her own admissions and based on a review of the record, it is clear Perez did not request an accommodation from LCRA. Because Perez cannot meet this initial burden, she thus lacks a cause of action.  Accordingly, we conclude that the district court acted appropriately in awarding summary judgment on the Title III claim.

21-10352          Opinion of the Court          17

## C. Count III: Violation of the Rehabilitation Act

### Against the City

Perez's second claim alleges that the City violated the Rehabilitation Act, codified as 29 U.S.C. § 794. The Rehabilitation Act "makes it unlawful for any "program or activity receiving Federal financial assistance" to discriminate "solely by reason of his or her disability." 29 U.S.C. § 794(a).

Perez states that "Clermont receives federal funding, and that federal funding goes into the general fund…[which] is used to fund the Parks and Recreation Department." Without support from the record for the statement that the Parks and Recreation Department receives federal funding, however, Perez's assertion is mere conjecture. On the other hand, the record does contain the uncontradicted testimony of Clermont's City Manager that the general fund of the City does not receive any federal funding. We will not adopt the plaintiff's version of facts when that version "is

18                    Opinion of the Court                    21-10352

blatantly contradicted by the record." *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013). This is true here.

Hence, we agree with the district court that "the record is void of evidence of … *any* department receiving federal funding." (emphasis added). Placing even this point to the side, the LCRA program does not fall within any Department. This is because, consistent with our reasoning with regard to the Title II claim, the LCRA program is not a program of the City at all.

Perez does not offer any evidence to create a genuine issue of material fact to counter the evidence produced by the City with respect to its receipt of federal funds. For this reason, we affirm the district court in granting summary judgment for the Appellee City concerning the Rehabilitation Act claim.

IV.

In sum, no rational juror could conclude that, given the circumstances, the after-school program at issue in this case was a program of the City. On this basis, we affirm the district court in granting summary judgment to the City on Perez's Title II claim. No rational juror could conclude that the Parks and Recreation department received federal funds after reviewing the evidence presented by the parties. Further, no evidence shows that the LCRA after-school program is a program of a department of the City at all. On this basis, we affirm the district court in granting summary judgment to the City on Perez's Rehabilitation Act claim. Finally, no reasonable juror could conclude that Perez requested an accommodation from LCRA; therefore, Perez has no cause of action for a failure to accommodate. On this basis, we affirm the district court in granting summary judgment to LCRA on Perez's Title III claim.

20                    Opinion of the Court                    21-10352

AFFIRMED.