NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA C. FENIMORE, an individual; BRIAN HUBBLE, an individual, | No. 23-35245 |
| Plaintiffs-Appellants, | D.C. No. 6:20-cv-01844-AA |
| v. | MEMORANDUM* |
| LANE COUNTY REPUBLICAN CENTRAL COMMITTEE, DBA Lane County Republican Party, an Oregon County Central Committee; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted June 6, 2024
Portland, Oregon

Before: GRABER, RAWLINSON, and SUNG, Circuit Judges.
Partial Dissent by Judge GRABER.

Laura Fenimore and Brian Hubble appeal the district court's Rule 12(b)(6)

dismissal of their complaint against the Lane County Republican Central

Committee ("LCRCC"), which sought relief under the Americans with Disabilities

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Act of 1990 ("ADA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We agree with the district court that Plaintiffs have failed to state a claim under Title II of the ADA because LCRCC is not a "public entity." The ADA defines "public entity" to mean, in relevant part, "any State or local government," or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B). Plaintiffs contend that LCRCC is an instrumentality of the state of Oregon. The ADA does not define "instrumentality," so Plaintiffs rely on the Department of Justice's ADA Title II Technical Assistance Manual. According to the Manual, in cases where "it is difficult to determine whether a particular entity that is providing a public service . . . is in fact a public entity," such as "[w]here an entity appears to have both public and private features," "it is necessary to examine the relationship between the entity and governmental unit to determine whether the entity is public or private." ADA Title II Technical Assistance Manual, § II-1.2000, available at https://archive.ada.gov/taman2.htm#II-1.2000. Further, the Manual provides that factors "to be considered in this determination include": "(1) Whether the entity is operated with public funds; (2) Whether the entity's employees are considered government employees; (3) Whether the entity receives significant assistance from the government by provision of property or equipment; and (4) Whether the entity

2

is governed by an independent board selected by members of a private organization or a board elected by the voters or appointed by elected officials." *Id.*

Assuming the Manual is persuasive authority, the factors weigh heavily against concluding that LCRCC is an instrumentality of the state.

(1) LCRCC is not operated with public funds.

(2) LCRCC is composed of precinct committeepersons. Or. Rev. Stat. § 248.031 ("The precinct committeepersons of the county shall constitute the county central committee of their party."). "A precinct committeeperson is not considered a public officer." Or. Rev. Stat. § 248.015(7). Rather, precinct committeepersons "shall be treated as directors of nonprofit corporations for liability for all matters relating to the political party." Or. Rev. Stat. § 248.004(4).

(3) Plaintiffs note that precinct committeepersons are elected through a government-run election process, but they do not allege that LCRCC receives significant assistance from the government by provision of property or equipment.

(4) A county central committee like LCRCC is governed by a board of precinct committeepersons. Precinct committeepersons for a particular political party are elected, but only by individuals who are registered to vote as members of that political party, not voters generally. Or. Rev. Stat. § 248.015(1). Thus, we agree with the district court that LCRCC is not governed by a board elected by "the voters" or appointed by elected officials.

We also note that, in Oregon, the county and state central committees of each major political party are, respectively, "the highest party authority" in county and state political party matters. Or. Rev. Stat. §§ 248.031; 248.072. Historically, political parties are private, voluntary associations. *See San Francisco Cnty. Democratic Cent. Comm. v. Eu*, 826 F.2d 814, 819 (9th Cir. 1987), *aff'd*, 489 U.S. 214, 233 (1989). Consistent with that history, Oregon law expressly provides that "a major or minor political party shall be treated for purposes of contractual, tort or other liability as a nonprofit corporation." Or. Rev. Stat. § 248.004(2). And, political parties may opt out of state regulation. Or. Rev. Stat. § 248.007(2). Considering the totality of the circumstances, we conclude that LCRCC is not an instrumentality of the state, and therefore, not a public entity under the ADA.

2. We also agree with the district court that Plaintiffs have failed to state a claim under Title III because the meeting place at issue is not a "place of public accommodation." 42 U.S.C. § 12182(a). Under Title III, a place of public accommodation is "a facility operated by a private entity whose operations affect commerce and fall within at least one of" twelve enumerated categories. 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104. Plaintiffs concede that the meeting place at issue is an LCRCC member's private residential property. Plaintiffs contend that the owner, by providing a venue for the LCRCC meeting, caused this property to become "an auditorium, convention center, lecture hall, or other place of public

4

gathering." *Id*. § 12181(7)(D). Plaintiffs, however, do not cite any legal authority suggesting that providing a venue for one meeting is enough to convert a private residence into a place of public accommodation.

3. The district court did not abuse its discretion in denying Fenimore leave to amend because amendment would be futile. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 522 F.3d 1049, 1054 (9th Cir. 2008).

4. The district court properly dismissed Fenimore's Title V retaliation claim under 42 U.S.C. § 12203(a) and (b) because LCRCC is neither a public entity under Title II nor a place of public accommodation under Title III.

**AFFIRMED.**

Fenimore v. Lane Cnty. Republican Cent. Comm., No. 23-35245

GRABER, Circuit Judge, dissenting in part:

I respectfully dissent from the holding that Fenimore failed to state a claim under Title II of the ADA.

1.  In my view, LCRCC is a public entity for purposes of Title II, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  A "public entity" is defined to mean, among other things, "any . . . special purpose district, or other instrumentality of a State . . .or local government."  42 U.S.C. § 12131(1)(B).

Although we have not addressed the meaning and scope of "instrumentality" for purposes of Title II, other circuits have held that an entity is an instrumentality of the government if that entity is "created by" or a "creature of" the state or a local government.  See, e.g., Edison v. Douberly, 604 F.3d 1307, 1310 (11th Cir. 2010) (holding that "the term 'instrumentality of a State' refers to governmental units or units created by them"); see also Green v. City of New York, 465 F.3d 65, 79 (2d Cir. 2006) (holding that Congress intended "instrumentality" to refer to "a creature of a state or municipality").

LCRCC fits squarely within the definition of "instrumentality." A county central committee is an entity that is created entirely by Oregon law. Or. Rev. Stat. § 248.031. The precinct committeepersons who constitute a county central committee are elected pursuant to Oregon law. Or. Rev. Stat. § 248.015. Oregon law regulates a county central committee's organizational meetings, property transfers, and elections of committee officers and executive committees. Or. Rev. Stat. §§ 248.033, .035, .043, .045, .075. In other words, without the relevant statutes, LCRCC would not exist. LCRCC, therefore, is an "instrumentality" because it was "created by," or is "a creature of," the state. See Edison, 604 F.3d at 1310 (holding that "instrumentality of a State" refers to units "created by" a state). And as an instrumentality of the state, LCRCC is a public entity under Title II. 42 U.S.C. § 12131(1)(B).

Furthermore, LCRCC serves a public purpose. It functions as "the highest party authority in county party matters" and has broad authority to adopt rules and regulations for any matter of party government within the county. Or. Rev. Stat. § 248.031. Indeed, the agenda of the LCRCC meeting that Plaintiffs hoped to attend included voting on bylaw changes and staffing committees to further LCRCC's work toward the November 2020 elections. Uninhibited engagement with the political process goes to the heart of the ADA: Congress passed the ADA to address the diminished ability of individuals with disabilities to participate fully

2

in all aspects of society, including "critical areas" like voting. 42 U.S.C. § 12101(a)(1), (3). Title II prohibits discrimination against an individual with a disability by an entity that has a public purpose, which is what Fenimore alleges occurred here. 42 U.S.C. § 12132. Because Fenimore alleges sufficient facts to state a claim against LCRCC as a public entity under Title II, I would reverse the district court's dismissal.

The majority disposition's reasoning is unpersuasive. First, it should not matter that voters from one political party elect the officers of a county central committee. Voting in the election of boards of other public entities similarly is limited to a subset of the general voting public. Voters who elect the board of a park and recreation district in Oregon, for example, must reside in a certain geographic area. Or. Rev. Stat. § 266.330(1)(b).

Second, the majority disposition's discussion of political parties is irrelevant to whether LCRCC is a public entity. The county central committee of Lane County, not the Republican party, is the defendant in this action. LCRCC is a state-created entity that is entirely separate from the Republican party. Or. Rev. Stat. § 248.031. It is therefore immaterial that Oregon law provides that a political party shall be treated as a nonprofit corporation, Or. Rev. Stat. § 248.004(1), and that political parties may opt out of state regulation, Or. Rev. Stat. § 248.007(2). Moreover, the fact that the Republican party could opt out of the statutory

3

opportunity to create a county central committee underscores that the two are not the same—the Republican party could exist as wholly independent from a county central committee. Id.

2. Because I would hold that LCRCC is a public entity under Title II, I would not reach the Title III question.

3. I concur in the majority disposition that the district court properly denied leave to amend.

4. Finally, I agree with the majority disposition's stated principle that a plaintiff cannot maintain a Title V retaliation claim if the relevant entity is not covered by the ADA, although I disagree with its application. Title V prohibits (1) retaliating against individuals who oppose an act or practice made unlawful under the ADA, 42 U.S.C. § 12203(a); and (2) coercing, intimidating, threatening, or interfering with an individual for exercising, or aiding another individual exercise, any right granted or protected by the ADA, 42 U.S.C. § 12203(b). By the plain text of the statute, for Title V to apply, there must be a preexisting act or practice made unlawful by the ADA or a statutory right that the ADA protects. If an entity is not covered by the ADA under Titles I, II, or III, then, there can be no viable Title V claim. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 464, 472 (4th Cir. 1999) (holding that the district court properly dismissed a Title V claim because the parties were not covered under Title II).

4

Here, because I would hold that LCRCC is liable under Title II, I would hold that Plaintiffs alleged facts sufficient to state claims under Title V.