**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11670

Non-Argument Calendar

_____

JAMES ELLARD,

*Plaintiff-Appellant.*

*versus*

LPN B. CANNON,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:25-cv-00281-MMH-PDB

_____

Before JORDAN, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant James Ellard sued Defendant-Appellee LPN B. Cannon, the Americans with Disabilities Act (ADA) Nurse

Coordinator at Suwannee Correctional Institution (SCI), for deliberate indifference to his medical needs and for violating the ADA in denying his accommodation request. The district court sua sponte dismissed Ellard's action under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e), 1915A(b)(1), for failure to state a claim. We reverse and remand.

## I.

Ellard arrived at SCI in December 2023. Ellard is confined to a wheelchair. At his prior prison, Ellard had a plastic lapboard that attached to his wheelchair, which allowed him to eat and write without needing to be pulled up to a table. When he arrived at SCI, Ellard's lapboard was taken from him. Ellard then requested a lapboard and wheelchair gloves. Cannon responded that his request orders were from his previous prison and that these requests would have to be reordered. Cannon stated that she would schedule a meeting with Ellard later. At the later ADA meeting, Cannon told Ellard that he would not get his lapboard and that they do not assign inmate assistants, which Ellard had previously requested.[1]

Proceeding pro se, Ellard filed a civil rights complaint against Cannon in the Middle District of Florida. On the form, Ellard did not identify whether he was suing Cannon in her official

---

[1] The attachments provided with Ellard's complaint do not specifically ask for an inmate assistant, but his complaint does allege that he "cannot get an inmate assistant to get him where [he] needs to go." Because he was pro se and we review for whether Ellard stated a claim, we liberally construe his complaint and thus take as true that he requested an inmate assistant.

or individual capacity.  Ellard asserted two claims: (1) deliberate indifference to his medical needs, and (2) refusing to follow the ADA provisions by failing to provide him with a lapboard and inmate assistant.  Under the PLRA screening procedure, the district court reviewed Ellard's complaint.  The court found that Ellard failed to state a claim for deliberate indifference because his allegations were conclusory.  The court found that Ellard's allegations did not describe an objectively serious medical need nor that Cannon acted with the required subjective recklessness.[2]  As to the ADA claim, the court explained that even if Ellard raised an ADA claim against Cannon in her individual capacity, that claim fails because only public entities can be liable under the ADA.  Ellard timely appealed.

## II.

Under 28 U.S.C. § 1915A(a), federal courts must conduct an initial screening of certain civil suits brought by incarcerated individuals to determine whether they should proceed.  Upon review, a court must dismiss a complaint if it "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  And when prisoners are proceeding in forma pauperis, courts are similarly directed to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

---

[2] On appeal, Ellard does not challenge the district court's determination on his deliberate indifference claim.

We review de novo a district court's dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e) and 1915A(b)(1). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (per curiam). And we must take the "allegations in the complaint as true." *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

## III.

On appeal, now represented by counsel, Ellard argues that the district court failed to liberally construe his ADA claim against Cannon. Ellard also asserts that had the district court properly construed his ADA claim against Cannon in her official capacity, the court should have found that he properly stated a claim for violating Title II of the ADA.

Ellard does not specify whether he is suing Cannon in her individual or official capacity.[3] As to Cannon's individual capacity, he cannot maintain a suit under the ADA. "Only public entities are liable for violations of Title II of the ADA." *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010); *see* 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any

---

[3] We note that the district court should have liberally construed Ellard's complaint to be a suit against Cannon in both her official and individual capacities.

such entity."). In her individual capacity, Cannon is not a public entity and thus cannot be held liable under Title II.

But construing Ellard's complaint liberally, we find that he also alleged an ADA claim against Cannon in her official capacity. In his complaint he alleges two theories: (1) disability discrimination and (2) failure to accommodate. Ellard's complaint fails to show disability discrimination, but it does adequately allege a failure to accommodate claim.

To state a claim for disability discrimination under the ADA, the plaintiff must prove:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami–Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

When liberally construing Ellard's complaint, he meets the first requirement—that he is a qualified individual with a disability. Ellard is wheelchair bound, so he is substantially limited in several of the ADA's expressed "major life activities." 42 U.S.C. § 12102(2)(A). Ellard has also shown that he meets the second requirement because he was denied benefits of SCI's services, namely

a lapboard for his wheelchair and an inmate assistant.[4] But even liberally construing Ellard's complaint, there are no allegations that this denial of those services was because of his disability—only that he was denied those services. Thus, Ellard has failed to state a claim for disability discrimination under the ADA.

An ADA claim may also proceed under the theory that the defendant failed to provide reasonable accommodations for the plaintiff's disability. *See Sailboat Bend Sober Living, LLC v. City of Fort Lauderdale*, 46 F.4th 1268, 1280 (11th Cir. 2022). "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i).

When liberally construing Ellard's complaint, he has adequately alleged that he is disabled and that he requested an accommodation of a lapboard and inmate assistant. Ellard's complaint alleges that Cannon denied his requests. He also alleges that this accommodation is necessary and reasonable to allow him use of

---

[4] On appeal, Ellard mentions several other services, such as mobility and hygiene. But Ellard's complaint, even construed liberally, alleges only the wheelchair is uncomfortable and not whether he lacks a wheelchair or that his current wheelchair cannot adequately move him through the prison. As to hygiene, Ellard mentions the limited ADA accessible bathroom facilities, but he does not allege that he cannot use those facilities. So those arguments fail to show that he was denied the ability to get around or use the facilities.

SCI's services. Notably, he references that he has lost weight, implying that he cannot properly eat because he does not have a lapboard. At this stage, taking Ellard's allegations as true, he has adequately alleged a failure to accommodate claim under the ADA.[5]

One final note before we conclude, Ellard has also requested both injunctive relief and compensatory damages. Typically, plaintiffs like Ellard who allege an ADA violation are entitled "only to injunctive relief." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). But for compensatory damages, Ellard must allege that "the entity that he has sued engaged in intentional discrimination, which requires a showing of deliberate indifference." *Id.* (internal quotation marks omitted). The district court found that Ellard did not allege deliberate indifference, a finding he does not challenge on appeal, nor does his complaint allege intentional discrimination as noted above. Thus, Ellard may only proceed with his request for injunctive relief on his failure to accommodate claim.

Thus, Ellard's complaint has adequately alleged a failure to accommodate claim under the ADA. The district court's dismissal is **REVERSED,** and we **REMAND** to the district court for further proceedings.

---

[5] Our determination here does not prevent Cannon from asserting other reasons for dismissal or to argue that the accommodations were not necessary or reasonable, but that is typically done at the summary judgment stage.